IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-00636-CNS-STV

ACQUEST HOLDINGS FC, LLC;
ALLIED WORLD ASSURANCE COMPANY;
ACE AMERICAN INSURANCE COMPANY;
CERTAIN UNDERWRITERS AT LLOYD'S subscribing to Policy of
Insurance 20CVSSPNP3020111;
ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY;
EVEREST INDEMNITY INSURANCE COMPANY;
AIG SPECIALTY INSURANCE COMPANY; and
ZURICH AMERICAN INSURANCE COMPANY,

  Plaintiffs,

v.

JOHNSON CONTROLS, INC.,

  Defendant.

## ORDER

This matter comes before the Court on United States Magistrate Judge Scott T. Varholak's Recommendation to grant Plaintiff's Motion to Strike Defendant Johnson Controls, Inc.'s Designation of Nonparties at Fault. ECF No. 89 (Recommendation). Defendant objected to the Recommendation, ECF No. 90, and Plaintiffs responded, ECF No. 94. As set forth below, the Court overrules Defendant's objection and AFFIRMS and ADOPTS the Recommendation.

1

## I. BACKGROUND

Plaintiff Acquest Holdings FC, LLC hired Defendant Johnson Controls, Inc. to perform mechanical and plumbing services at the National Wildlife Research Center building in Fort Collins, Colorado. ECF No. 3 (Compl.), ¶¶ 11–12. Plaintiffs, the owner of the building and its insurers, contend that Defendant's failure to properly perform its contractual obligations resulted in water damage to the building to the tune of $11 million. *Id.*, ¶¶ 1, 13–18. Plaintiffs thus brought this suit to recover damages from the alleged breach of contract. *Id.*, ¶¶ 19–27.

Plaintiffs initially asserted claims against Defendant for both negligence and breach of contract. *Id.* The Court granted Defendant's request to dismiss the negligence claim under the Economic Loss Rule, leaving only the breach of contract claim. ECF No. 52. After the Court dismissed Plaintiffs' negligence claim, Defendant attempted to designate certain nonparties at fault under Colo. Rev. Stat. § 13-21-111.5, ECF No. 52, which is the section of statutory law providing for the apportionment of responsibility to nonparties for negligence and other tort claims. Here, however, no tort claims remain in this case, prompting Plaintiffs to file a motion to strike Defendant's designation of nonparties. ECF No. 66. The Court referred Plaintiffs' motion to strike to Magistrate Judge Varholak, ECF No. 67, who recommends that the Court grant Plaintiffs' motion. ECF No. 89.

## II. Magistrate Judge Varholak's Recommendation

In analyzing Plaintiffs' motion to strike, Magistrate Judge Varholak considered two issues: (1) whether Defendant's designation of nonparties was sufficient, and (2) whether

Defendant can designate nonparty defendants in an action based on a breach of contract claim. ECF No. 89 at 3 (applying Colorado law).[1] On the first issue, Magistrate Judge Varholak determined that Defendant's designation was sufficient. *Id.* at 7. Neither party challenges this finding. On the second issue, Magistrate Judge Varholak determined that it was improper to designate nonparty defendants in this contract dispute. *Id.* at 15. This is the conclusion Defendant challenges in its objection.

### III.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Here, Magistrate Judge Varholak acknowledged that his conclusion regarding the applicability of Colo. Rev. Stat. § 13-21-111.5 could be understood as dispositive as to an affirmative defense asserted under that section. ECF No. 70 at 1 n.1. Neither party

---

[1] The Court's jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a). Therefore, Magistrate Judge Varholak determined that Colorado substantive law applies. ECF No. 89 at 3. Neither party challenges this conclusion.

3

addresses this issue in their briefs. Accordingly, the Court will assume without deciding that this issue is dispositive and analyze the challenged issue de novo.

## IV. ANALYSIS

Defendant first argues that the plain text of Colorado's apportionment statute requires its application in this breach of contract dispute. ECF No. 90 at 2. It then argues that Tenth Circuit authority requires the statute's application under the facts of this case. *Id.* at 5. As explained below, neither argument warrants rejection or modification of Magistrate Judge Varholak's Recommendation.

### A. Plain Text of Colo. Rev. Stat. § 13-21-111.5

Colo. Rev. Stat. § 13-21-111.5 is titled "Civil liability cases - pro rata liability of defendants - respondeat superior - shifting financial responsibility for negligence in construction agreements - legislative declaration." Defendant seizes on the words "civil liability cases." ECF No. 90 at 2. Defendant then contends that, because the statute references not just negligence but also the "fault" of nonparties, it "plainly includes fault for breach of contract." *Id.* at 3–4.

Defendant's statutory construction analysis, *id.* at 2–5, though thorough, fails to acknowledge that Colorado appellate courts have rejected Defendant's interpretation on several occasions. *See Resol. Tr. Corp. v. Heiserman*, 898 P.2d 1049, 1056 (Colo. 1995); *Core-Mark Midcontinent, Inc. v. Sonitrol Corp.*, 300 P.3d 963, 975–76 (Colo. App. 2012). In *Resolution Trust*, the Colorado Supreme Court interpreted the term "tortious act" in § 13-21-111.5(4) to include "any conduct *other than breach of contract* that constitutes a

civil wrong and causes injury or damages." 898 P.2d at 1055 (emphasis added).[2] *Resolution Trust* also concluded that the phrase "negligence or fault," which appears in subsection (1), is synonymous with the phrase "tortious act." *Id*. at 1056 (rejecting argument "that because the phrase 'negligence or fault' appears in section 13–21–111.5 nine times but the term 'tortious act' appears once in section 13–21–111.5(4), the term 'tortious act' must mean something other than the phrase 'negligence or fault'")[3]; *see also Id.* at 1054 ("a tort, broadly speaking, is a civil wrong, other than breach of contract" (internal quotations and citation omitted)).

Recent Colorado Court of Appeals decisions have reaffirmed that § 13-21-111.5 does not apply to breach of contract claims. In 2012, *Core-Mark* relied on *Resolution Trust* in holding that § 13-21-111.5 does not apply to claims for breach of contract. 300 P.3d at 975–76. Similarly, in *Heights Healthcare Company, LLC v. BCER Engineering, Inc.*, Colorado's intermediary court concluded that "section 13-21-111.5(1) doesn't apply to breach of contract claims." 534 P.3d 939, 946, *cert. denied*, No. 23SC498, 2024 WL 1348102 (Colo. Mar. 25, 2024); *see also Taylor Morrison of Colo., Inc., v. Bemas Constr., Inc.*, 411 P.3d 72, 80 (Colo. App. 2014) (finding that "Taylor's breach of contract claim

---

[2] Section 13-21-111.5(4) provides as follows: "Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. Any person held jointly liable under this subsection (4) shall have a right of contribution from his fellow defendants acting in concert. A defendant shall be held responsible under this subsection (4) only for the degree or percentage of fault assessed to those persons who are held jointly liable pursuant to this subsection (4)." The language of subsection (4) remains the same today as it did in 1995. *See Resolution Trust*, 898 P.2d at 1055 (quoting subsection (4)).

[3] Like subsection (4), the text of subsection (1) has not changed since *Resolution Trust*. Section 13-21-111.5(1) provides as follows: "(1) In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss, except as provided in subsection (4) of this section."

against Bemas was not subject to allocation of damages based on the comparative fault of the parties, *see Core–Mark Midcontinent*, 300 P.3d at 975–76 (noting that the statute concerning pro rata liability of defendants in civil actions allows for the apportionment of liability only in tort actions)") (Gabriel, J.); *Just in Case Bus. Lighthouse, LLC v. Murray*, 383 P.3d 1, 16 (Colo. App. 2013) (concluding that § 13-21-111.5(3) "applies to 'any conduct other than a breach of contract that constitutes a civil wrong and causes injury or damages'" (quoting *Core-Mark*, 300 P.3d at 976)), *aff'd in part, rev'd in part on other grounds*, 374 P.3d 443 (Colo. 2016). Magistrate Judge Varholak anticipated that the Colorado Supreme Court would follow the approach set forth in *Core-Mark* and the follow-on decisions, ECF No. 89 at 12, and this Court agrees.

Defendant argues that Magistrate Judge Varholak erred in relying on *Resolution Trust* because that decision interpreted subsection (4) of the statute whereas Defendant designated nonparties pursuant to § 13-21-111.5(3), where the term "tortious act" is absent.[4] ECF No. 90 at 8. The Court is not persuaded. Although that term may be absent from subsection (3), *Resolution Trust* rejected the assertion that the term "tortious act" meant something other than "negligence or fault." 898 P.2d at 1056. *Core-Mark* also addressed this argument, explaining that the Colorado Supreme Court held that "'tortious

---

[4] Defendant did not identify any subsection in its designation. ECF No. 56 at 1–3 ("In accordance with C.R.S. § 13-21-111.5, Defendant Johnson Controls, Inc. [] hereby designates the following individuals as nonparties at fault in this action . . . ."). Setting that aside, § 13-21-111.5(3)(a) provides as follows: "Any provision of the law to the contrary notwithstanding, the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action. Any finding of a degree or percentage of fault or negligence of a nonparty shall not constitute a presumptive or conclusive finding as to such nonparty for the purposes of a prior or subsequent action involving that nonparty."

act' did include 'negligence or fault,' . . . [thereby] implicitly equat[ing] 'negligence or fault' with negligent and intentional acts." 300 P.3d at 976 (quoting *Slack v. Farmers Ins. Exchange,* 5 P.3d 280, 286 (Colo. 2000)). "Consequently, the holdings in *Resolution Trust* and *Slack* suggest that because a breach of contract is not a tortious act, such a breach does not fall within the meaning of 'fault' as used in subsections (1) and (3)." *Id.*

The Court finds that, although subsection (4) refers to "tortious acts" and subsection (3) refers to "negligence or fault," the distinction is not meaningful in light of the Colorado Supreme Court's holdings in *Resolution Trust* and *Slack*. The Court further finds that the reference to "civil liability cases" in the title does not override the actual language and scope of the statute. Following the line of cases above, the Court has already determined that subsection (3)'s reference to "negligence or fault" has the same meaning as "tortious acts," which do not include breach of contract claims. *See Resol. Tr. Corp.*, 898 P.2d at 1054–56.

### A. Tenth Circuit's Holding in *Federal Deposit Insurance Corporation v. Clark*, 978 F.2d 1541 (10th Cir. 1992)

Citing *Federal Deposit Insurance Corporation v. Clark*, 978 F.2d 1541 (10th Cir. 1992), Defendant argues that the Tenth Circuit has determined that §13-21-111.5(3)(a) allows for apportionment for claims sounding in contract, and that this Court must follow the *Clark* holding. ECF No. 90 at 6. The Court, again, is not persuaded.

The plaintiff in *Clark* brought claims under "Colorado state law for professional negligence and/or for breach of an implied warranty of professional capacity and ability." 978 F.2d at 1543. The plaintiff claimed that the defendants—two attorneys and a law firm—negligently failed to uncover and prevent fraud perpetrated by third parties. *Id.* at

7

1545–46. The plaintiff alleged the breach of four duties owed by the defendants: "first, to exercise independent judgment without compromising loyalties of joint representation; second, a duty to investigate allegations of fraudulent activities; third, a duty to fully disclose the allegations of fraud to the board of directors; and fourth, a duty to advise the board . . . ." *Id.* at 1546. The plaintiff argued that its claim for breach of implied warranty was a contract claim and thus not subject to § 13-21-111.5. *Id.* at 1551–52. The Tenth Circuit held that the professional negligence and breach of implied warranty claims should be merged into one hybrid tort claim for malpractice. *Id.* at 1551–54. The nature of the claim in *Clark*—an implied warranty in a professional malpractice case—makes the breach of contract claim in this case distinguishable.

But even if *Clark* did support Defendant's argument that § 13-21-111.5 applies to any contract claim that includes an element of negligence or fault, the Colorado cases cited above suggest that such a reading of *Clark* is no longer the law in Colorado. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 306 F.R.D. 312, 430 (D.N.M. 2015) ("A district court considering a state law issue after the publication of a Tenth Circuit opinion . . . may come to [a contrary] conclusion based on intervening state court cases.").

In addition to the Colorado cases discussed above, Defendant fails to address the Colorado Supreme Court's Committee on Civil Jury Instructions, whose note on use for Pattern Instruction 9:29 provides that "Section 13-21-111.5 is limited to tort claims and therefore does not apply to contract-based claims." CJI–Civ. 4th 9:29, Note on Use No. 8

8

(2023) (citing *Core-Mark* and *Heights Healthcare*); *see also* ECF No. 89 at 13 (addressing instruction 9:29).[5]

In sum, the *Clark* decision does not require that this Court reject or modify Magistrate Judge Varholak's well-reasoned Recommendation.

## V. CONCLUSION

The Court overrules Defendant's objection and AFFIRMS and ADOPTS Magistrate Judge Varholak's Recommendation, ECF No. 89, in its entirety as an order of this Court. Therefore, Plaintiff's Motion to Strike Defendant Johnson Controls, Inc.'s Designation of Nonparties at Fault, ECF No. 66, is GRANTED, and Defendant's Designation of Nonparties at Fault, ECF No. 56, is STRICKEN.

DATED this 13th day of August 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[5] The Court acknowledges that "pattern instructions are not law, not authoritative, and not binding," and that they therefore "do not trump case law." *Krueger v. Ary,* 205 P.3d 1150, 1154 (Colo. 2009). That said, "pattern instructions can provide useful guidance in certain circumstances because they were drafted 'to reflect the prevailing law.'" *Boulders at Escalante LLC v. Otten Johnson Robinson Neff & Ragonetti PC*, 412 P.3d 751, 761 n.4 (Colo. App. 2015) (quoting *Fed. Ins. Co. v. Publ. Serv. Co.,* 570 P.2d 239, 241 (Colo. 1977)). Indeed, *Clark* relied on Colorado Pattern Jury Instructions in its analysis. *Clark*, 978 F.2d at 1551 ("In addition, the Colorado Jury Instructions and Comments establish that Colorado approaches an attorney's breach of implied warranty as a hybrid of the standard tort claim for malpractice, sounding in negligence.").